# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANSU MAMADEE SANOE, :
:
    Petitioner, :
:
v. : No. 4:18-CV-316
:
WARDEN CLAIR DOLL, : (Judge Brann)
:
    Respondent. :

**MEMORANDUM OPINION**

**April 3, 2018**

**I.    BACKGROUND**

Ansu Mamadee Sanoe filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") presently confined at the York County Prison, York, Pennsylvania, Warden Clair Doll of the York County Prison is named as the sole Respondent. Service of the petition has not yet been ordered.

The sparsely worded petition asserts only that Sanoe was taken into immigration custody on July 29, 2017 and has remained in confinement since that date. *See* Doc. 1, ¶ 11. Petitioner states that "he has been granted relief from deportation" but that the government has appealed that decision. *See id.* at ¶ 13.

Sanoe adds that although his detention has been in excess of six (6) months, he has not yet been afforded a bond hearing. Petitioner is challenging his indefinite detention pending completion of his removal proceedings apparently under the standards announced in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and related cases.

## II. DISCUSSION

On February 12, 2018, this Court issued an Administrative Order directing Sanoe to either file an *in forma pauperis* application or submit the required filing fee. *See* Doc. 3. Although the required filing fee was received by the Court that same day, a copy of the Administrative Order which was mailed to Petitioner at the York County Prison was returned as undeliverable with a notation that Sanoe was no longer confined. *See* Doc. 4.

Upon receipt of the returned piece of mail, the Clerk of Court's office contacted officials at the York County Prison and was informed that Petitioner had been released from custody on February 12, 2018.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the

aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the <u>continuing</u> existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski*, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Sanoe sought his immediate release from ICE detention or in the alternative a prompt bond hearing. *See* Doc. 1, ¶ 15. Since the Court has been informed that Sanoe is no longer being detained by ICE, under the principles set forth in *Steffel*, the instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy. However, in the event that the information provided to the Court is erroneous, Petitioner should contact the Court so that this matter may be reopened.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge